IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

In re: ORIN BRET JUSTICE                    Bankruptcy Case No.
                                                  5:06-bk-71631

        v.         Civil No. 07-MC-31

**O R D E R**

    Now on this 8th day of November, 2007, comes on for consideration the **Motion For Leave To Appeal** (document #1) filed by Advanced Control Solutions, Inc. ("Creditor"), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.  This matter arose out of bankruptcy proceedings involving Orin Bret Justice ("Debtor").  Creditor moved to dismiss the bankruptcy proceeding, and its motion was denied.  From the order so denying, Creditor filed a Notice of Appeal.  Creditor now moves for leave to appeal, stating that it is unclear whether the order denying dismissal is governed by **28 U.S.C. §158(a)(1),** which provides for an appeal as a matter of right, or by **28 U.S.C. §158(a)(3),** which provides for an appeal upon leave of the Court.

    Debtor responds that the matter is an interlocutory appeal as to which the Court has discretion under **§158(1),** and that Creditor can take any appeal deemed appropriate when the bankruptcy proceedings are final.

    2.  **Section 158** sets forth the circumstances under which

district courts have jurisdiction to hear appeals. It provides that

> [t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

The Eighth Circuit has not settled upon the specific circumstances under which a district court should exercise its discretion to hear an appeal from an interlocutory order of a bankruptcy court, but as noted in **Matter of Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991)** (cited with approval in **In re Kjellsen, 53 F.3d 944, 946 (8th Cir. 1995)**), "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. §1292(b) for interlocutory appeals from district court orders."

    3.  Under **§1292(b)**, a district court may indicate in an interlocutory order "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," whereupon a court of appeals would have discretion to permit an interlocutory appeal.

    In the instant case, the filings before it do not allow the Court to apply the **§1292** factors. The order appealed from is

exceedingly general, stating that the motion to dismiss "is denied for the reasons stated by the Court in the record" and that "[a]ll findings of fact and conclusions of law stated by the Court in the record are incorporated herein by reference as if fully set forth herein word for word."  This Court does not have the benefit of the record so alluded to.

In addition, while the motion states that the Bankruptcy Court's "ruling involves an interpretation of 11 U.S.C. §707(b)(2), which appears to be a matter of first impression in United States Bankruptcy Court for the Western District of Arkansas," this does not equate to an assertion that the matter involves "a controlling question of law as to which there is substantial ground for difference of opinion."

For the foregoing reasons, the Court is not persuaded that the present appeal is one which merits the extraordinary relief of an interlocutory appeal, and Creditor's motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that the **Motion For Leave To Appeal** (document #1) is **denied.**

**IT IS SO ORDERED.**

                                        **/s/ Jimm Larry Hendren**
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**